```
                    UNITED STATES DISTRICT COURT
                    NORTHERN DISTRICT OF INDIANA
                         HAMMOND DIVISION

MANUEL DOMINGUEZ, on behalf of )
himself and all other similarly)
situated persons,              )
                               )
              Plaintiff        )
                               )
         v.                    )   Case No. 2:06 cv 241
                               )
DON PEDRO RESTAURANT and       )
ALFONSO MENCHACA,              )
                               )
              Defendants       )
```

OPINION AND ORDER

This matter is before the court on the Motion to Bar Defendant from Communicating with Potential Opt-In Plaintiffs filed by the plaintiff, Manuel Dominguez, on April 5, 2007. For the reasons set forth below, this motion is **DENIED**.

Background

On July 17, 2006, the plaintiff, Manuel Dominguez, filed this claim against his employer, Don Pedro Restaurant, and its owner, Alfonso Menchaca. Dominguez claims that while he was employed at the Calumet City, Illinois and St. John, Indiana Don Pedro locations, the restaurants violated the tip credit and overtime provisions of the Fair Labor Standards Act. 29 U.S.C. §201 *et. seq.*

On January 25, 2007, this court granted Dominguez's motion to provide notice of this action to similarly situated individuals, the initial stage under the FLSA's "collective action" process. *See* Opinion and Order, January 25, 2007 (DE 19); 29

U.S.C. §216(b). The court approved the proposed notice and directed the defendant to provide the names of employees who could opt-in to the cause of action.

While that motion was pending, Menchaca obtained a signed declaration from an employee of the St. John restaurant, Marta Delgado, in which she stated that upon her employment with the restaurant, she was given notice of the tip credit provision and that she never has been required to work overtime. (Plaintiff's Ex. 1) In addition, Dominguez also has provided the affidavit of an employee of the law firm representing him in this matter. This employee, Jacqueline Villaneuva, testified that she received a phone call from an unnamed Don Pedro restaurant employee who was asked to sign an identical affidavit. (Villanueva Dec. ¶ 3) Villanueva further stated that this individual refused to provide an affidavit relating these details for fear of retaliation. (Villanueva Dec. ¶ 4)

Dominguez seeks an order barring all communication between the defendant and potential members of the opt-in class of plaintiffs regarding this lawsuit. Dominguez further argues that the declarations operate as improper waivers of the employees' rights under the FLSA and that solicitation of these declarations is inherently coercive, undermining the notice approved by the court. He further seeks an order compelling disclosure of all individuals who have signed similar declarations, and finally, the issuance of a corrective notice stating that these declarations are void.

2

## Discussion

In a collective action under the FLSA, as in a class action under Federal Rule of Civil Procedure 23, each side has a right to communicate with class members. *EEOC v. Mitsubishi Motor Manufacturing of America, Inc.*, 102 F.3d 869, 870 (7th Cir. 1996). However, courts also have the authority to restrict communication between parties and putative class members if necessary to prevent abuse of the class action process. *Gulf Oil Company v. Bernard*, 452 U.S. 89, 100, 101 S.Ct. 2193, 2200, 68 L.Ed.2d 693 (1981). *See also Belt v. Emcare, Inc.*, 299 F.Supp.2d 664, 667 (E.D. Tex. 2003)*(citing Hoffman-LaRoche Inc. v. Sperling*, 493 U.S. 165, 171, 110 S.Ct. 482, 487, 107 L.Ed.2d 480 (1989) ("As in Rule 23 class actions, courts have the authority to govern the conduct of counsel and parties in §216(b) collective actions.").

The Supreme Court acknowledged that orders restricting the communication of litigants may implicate First Amendment concerns, but in *Gulf Oil*, found that aside from the First Amendment, the general policies supporting class actions require that "an order limiting communication between parties and potential class members should be based on a clear record and specific findings that reflect a weighing of the need for a limitation." *Gulf Oil Co.*, 452 U.S. at 101, 101 S.Ct. at 2200; *Burrell v. Crown Central Petroleum, Inc.*, 176 F.R.D. 239, 244 (E.D. Tex. 1997) ("It is not enough that a potentially coercive situation

3

exists.").

An order restricting communication between parties may be based upon a showing that a party has made misrepresentations to putative class members or has attempted to discourage class members from participating in the class. See *Belt*, 299 F.Supp.2d at 668-69; *Wiginton v. C.B. Richard Ellis*, 2003 WL 22232907 at *3 (N.D. Ill. Sept. 16, 2003)("We must still have a clear record of threatened abuses."); *Burrell*, 176 F.R.D. at 244. In *Hampton Hardware Inc. v. Cotter*, 156 F.R.D. 630, 631-32 (N.D. Tex. 1994), three letters were sent by the defendant to putative plaintiffs that discussed the pending lawsuit's potential to harm the company and contained express statements urging employees not to join the lawsuit. The court concluded that these letters constituted direct attempts "to reduce the class members' participation in the lawsuit based on threats to their pocketbooks." *Hampton Hardware, Inc*., 156 F.R.D. at 633. See also *Belt*, 299 F.Supp.2d at 668 (limiting communication between parties when letter sent to putative plaintiffs contained threats to the plaintiff's on-going employment.).

On the other hand, communication by defendant employers that announced a company's policies with respect to a sexual harassment suit or another that characterized a pending suit as a strategic component within a union-organized "corporate campaign" were not shown to have been made to discourage participation in the suit. *Wiginton*, 2003 WL 22232907 at *3; *Burrell*, 176 F.R.D. at 244.

4

In this matter, Dominguez seeks to bar communication between the defendant and potential opt-in plaintiffs on the basis of the Delgado declaration, in which she states that she was made aware of the application of the Act's tip credit provision to her wage and that the she did not work more than 40 hours in any week. The plaintiff also supports his position with the affidavit that relates the statement of an anonymous individual alleged to have worked at a Don Pedro restaurant. In the affidavit, the law firm employee states that this individual was asked to sign a similar declaration but that the individual feared retaliation.

Dominguez asks this court to infer that the defendant has taken advantage of its position as the employer and coercively gathered signatures for the purpose of foreclosing recovery by some potential plaintiffs. However, there is no clear record that the defendant has done so. Even assuming that the defendant has sought numerous similar declarations from multiple employees, the statements made do not directly indicate the defendant's intent to discourage participation in the suit. There is no allegation that the defendant has misrepresented facts to the plaintiff, and the only evidence to suggest coercive behavior is the statement made by an anonymous employee who allegedly feared retaliation. There is no evidence that links this fear of retaliation to actual conduct by the defendant. This is far from the required "clear record" that must serve as a basis for an order limiting communication between parties. As discussed more fully below,

5

there is nothing in the record to suggest that the defendants have gone beyond gathering facts to support their defense.

The plaintiff also argues that these declarations constitute an attempt to secure a waiver of the employees' rights under the FLSA. An employee's right to be paid a minimum wage is nonwaivable under the Fair Labor Standard Act. *Tennessee Coal, Iron and Railroad Company v. Muscoda Local 123*, 321 U.S 590, 597, 64 S.Ct. 698, 704, 68 L.Ed. 949 (1944). *See also* *Braddock v. Madison County*, 34 F.Supp.2d. 1098, 1106 (S.D. Ind. 1998)(*citing* *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 706-07, 65 S.Ct. 895, 902, 89 L.Ed. 1296 (1945)("Because employers often have much greater bargaining power than employees, Congress made the FLSA's provisions mandatory so they are not subject to negotiation of bargaining between employers and employees.") Accordingly, an attempt to settle or acquire a waiver of the right to receive the compensation guaranteed by the Act is viewed as an impermissible abridgement that "would nullify the purpose of the statute." *Barrentine v. Arkansas-Best Freight System, Inc*., 450 U.S. 728, 742, 101 S.Ct. 1437, 1445, 67 L.Ed.2d 641 (1981). *See also* *Garafolo v. Donald B. Heslep and Associates, Inc*., 405 F.3d 194, 199 (4th Cir. 2005).

The court recognizes that the declarations sought by the defendant could include statements that preclude some or all recovery by a potential plaintiff. However, this is not because the potential plaintiff has waived rights under the Act, but because the plaintiff may have provided evidence that the factual

6

basis for recovery is lacking. The language of Marta Delgado's declaration is not akin to a statement waiving rights under the FLSA. Instead, Delgado's declaration is a factual assertion that when she was hired she was made aware of the tip credit application to the minimum wage provision and the statement that she has not worked overtime. To prohibit a defendant from forcing an employee to waive his rights under the FLSA does not prohibit that defendant from gathering evidence in the effort to prove that there was no violation in the first place. Further, as noted above, the plaintiff has not provided evidence in support of the inference that this declaration was acquired illegitimately.

Finally, the court recognizes that the notice approved in this mater provides the opt-in class with a description of the legal basis for their claim and provides sources for additional information. Further, to the extent that Dominguez seeks disclosure of any other affidavits, this information is subject to disclosure as discovery under the Federal Rules of Civil Procedure.

_____

For the foregoing reasons, the Motion to Bar Defendant from Communicating with Potential Opt-In Plaintiffs filed by the plaintiff, Manuel Dominguez, on April 5, 2007, is **DENIED**.

ENTERED this 1st day of June, 2007

s/ ANDREW P. RODOVICH
United States Magistrate Judge